BRENDA TEFFETELLER,        )
                                      )
        Plaintiff,        )
                                      )
v.                           )        No. 3:07-CV-360
                                      )        (VARLAN/SHIRLEY)
                                      )
MICHAEL J ASTRUE,        )
Commissioner of Social Security,        )
                                      )
        Defendant.        )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition of counsel for Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 20]. Counsel for Plaintiff, Attorney Carol Mannchen, seeks an order pursuant to 42 U.S.C. § 406(b)(1)(A) approving as reasonable the fee of $18,071.25 that she is due under her contract with Plaintiff.

The Commissioner of Social Security ("the Commissioner") opposes Attorney Mannchen's motion, and requests that the Court enter an order under the authority of 42 U.S.C. § 406(b)(1)(a) limiting Attorney Mannchen's fee under her contract with Plaintiff to only $10,000. [Doc. 27]. The Commissioner argues that Attorney Mannchen's contractual fee of $18,071.25 is unreasonable because a fee of that amount would result in a windfall to Attorney Mannchen. The Commissioner

asserts that the standard market rate for attorney services for Social Security appeals in this District is $200 per hour. [Doc. 27 at 3]. The Commissioner suggests that $10,000 is a reasonable fee for the 25 hours that Attorney Mannchen worked on this case because such a fee would compensate Attorney Mannchen at the rate of $400 per hour, which is twice as much as the standard market rate. The Commissioner argues that any fee higher than $10,000 is unreasonable for the work Attorney Mannchen performed, and should not be approved by the Court.

## I.  PROCEDURAL HISTORY

On June 20, 2008, the Honorable Thomas A. Varlan, United States District Judge, entered an Order [Doc. 12] granting the Plaintiff's Motion for Judgment on the Pleadings [Doc. 7], and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing consistent with the report and recommendations [Doc. 11] of the undersigned. On June 24, 2008, Plaintiff filed a Motion for Award of EAJA Fees [Doc. 15]. On July 15, 2008, the Court granted Plaintiff attorney fees in the amount of $4,000 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2142(d).[1] Attorney Mannchen filed the motion now before the Court on August 21, 2009.

---

[1] If the Court now approves, pursuant to 42 U.S.C. § 406(b), the payment of attorney fees to Attorney Mannchen, she will be required to remit the $4,000 fee she previously received from the Commissioner pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), and the Court's Order [Doc. 18] of July 15, 2008. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citations omitted).

## II.  ANALYSIS

The contract governing Attorney Mannchen's representation of Plaintiff in this case provides that Plaintiff is to pay Attorney Mannchen 25 percent of the total amount of any past-due disability benefits that Plaintiff is awarded.  Attorney Mannchen represents that Plaintiff has been awarded $82,365 in past-due disability benefits in this case.  [Doc. 21 at 1].  Accordingly, Attorney Mannchen's contract with Plaintiff entitles her to receive payment in the amount of $20,591.25. Attorney Mannchen represents that payment of $2,520 for her representation of Plaintiff at the administrative level has already been approved by the Commissioner pursuant to 42 U.S.C. § 406(a) and 20 C.F.R. § 404.1725(b).  [Doc. 21 at 1].  Thus, Attorney Mannchen now seeks an order from the Court approving payment to her pursuant to the attorney-client contract of an additional $18,071.25.

When an attorney's representation of a Social Security claimant is governed by a contingent fee contract, the attorney will only be paid for representing the claimant in proceedings in court if the court renders a judgment favorable to the claimant.  See 42 U.S.C. § 406(b)(1)(A).  If the claimant wins a favorable judgment, the attorney may collect his contingent fee directly from the Commissioner. See Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) ("'[T]o assure the payment of the fee allowed by the court,' Congress authorized the agency 'to certify the amount of the fee to the attorney out of the amount of the accrued benefits.'") (citation omitted).  The Commissioner may pay the attorney directly with funds withheld from the claimant's benefit award.  Id. at 804 n.13; 42 U.S.C. § 406(b)(1)(A) (the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits").  But the Commissioner will not pay the attorney his fee until the amount of the fee has been approved as reasonable by the court.

Title 42 U.S.C. § 406(b) requires that the court review and approve an attorney's contingent fee before the Commissioner may certify and pay it. Gisbrecht, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases"). The court cannot approve a contingent fee that exceeds 25 percent of the amount of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A); Gisbrecht, 535 U.S. at 807 ("[Contingent fee] agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). If a contingent fee is within the 25 percent boundary, it will be approved as long as it is "a reasonable fee" for the attorney's representation of the claimant. 42 U.S.C. § 406(b)(1)(A). The burden is on the attorney to show that the contingent fee he seeks is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. Deciding the reasonableness of a fee is well within the discretion of district courts. Id. at 808.

Whether an attorney's fee is reasonable is a determination made "based on the character of the representation and the results the [attorney] achieved." Id. To evaluate the reasonableness of a fee, the reviewing court may require the attorney to submit a record of the hours he spent representing the claimant and a statement of his normal hourly billing charges for non-contingent fee cases. Id. The Supreme Court has stated that the reviewing court may appropriately determine that the attorney's contingent fee is unreasonably high based upon a finding that the attorney was responsible for delay in the case, or a finding that the past-due benefits awarded to the claimant "are large in comparison to the amount of time counsel spent on the case." Id.

In this Circuit, a contingent fee of 25 percent of the amount of the claimant's past-due benefits is presumed to be reasonable "unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health and Human Servs., 923

F.2d 418, 419 (6th Cir. 1990) (citing <u>Rodriquez v. Bowen</u>, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). If the attorney engaged in improper conduct or was ineffective, a contingent fee of 25 percent of the claimant's past-due benefits enjoys no presumption of reasonableness, and a district court has unlimited discretion to approve a lesser, reasonable fee amount instead. <u>See id.</u> at 422. And if approval of a contingent fee of 25 percent of the claimant's past due benefits would result in "an undeserved windfall" to the attorney, then the fee again enjoys no presumption of reasonableness, and a district court may approve a lesser, reasonable fee amount instead.

Whether approval of a contingent fee of 25 percent of the claimant's past due benefits would result in a windfall to the attorney is determined by considering factors such as "what proportion of the hours worked [on the case] constituted attorney time as opposed to clerical or paralegal time, and the degree of difficulty of the case." <u>Id.</u> A court may also consider any other factors raised by the Commissioner. <u>Id.</u> The Court of Appeals for the Sixth Circuit has established only one bright line rule: "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." <u>Id.</u> In other words, a contingent fee amount that has the effect of compensating the attorney at a hypothetical hourly rate that is less than two times the standard market hourly rate is "*per se* reasonable," and payment of the fee does not result in a windfall to the attorney. <u>Id.</u> When a contingent fee amount has the effect of compensating the attorney at a hypothetical hourly rate that is equal to or greater than two times the standard market hourly rate, the Court exercises its discretion and determines whether payment of the fee results in a windfall. <u>Id.</u>

In this case, the Commissioner has not alleged, and the Court is not aware of, any improper

conduct, delay, or ineffective representation on the part of Attorney Mannchen.  But the Commissioner does argue that approval of Attorney Mannchen's contractual fee would result in a windfall to her.  The Commissioner points out that approval of Attorney Mannchen's contractual contingent fee would have the effect of compensating her at the hypothetical rate of $722.85 per hour.  [Doc. 27 at 4].  The Commissioner argues that the standard hourly rate for representation of Social Security claimants in proceedings in this Court is $200 per hour.  [Doc. 27 at 3 n.3].  The Commissioner asserts that this case was "relatively routine," "did not involve any novel issues," and only "involved a transcript of 508 pages and about 300 pages of medical evidence."  [Doc. 27 at 4].  Accordingly, the Commissioner argues that the degree of difficulty in this case was such that Attorney Mannchen had to exert "relatively minimal effort" to obtain a large award of past-due benefits for Plaintiff.  See Hayes, 923 F.2d at 419.  The Commissioner therefore argues that approval of Attorney Mannchen's contractual contingent fee would result in a windfall to her.  The Commissioner urges the Court to exercise its discretion and approve payment of a fee of only $10,000 to Attorney Mannchen.

Attorney Mannchen argues that the payment of her contractual contingent fee would not result in a windfall to her because she had to expend "considerable work" in this case.  [Doc. 28 at 2].  Attorney Mannchen disagrees with the Commissioner's characterization of this case as "routine," and she argues that her contractual contingent fee is reasonable in light of the effort she made in studying this case, performing research, and composing cogent briefs.  [Doc. 28 at 2].

The Court is not persuaded by the Commissioner's argument that the degree of difficulty in this case was so low that the payment to Attorney Mannchen of the contingent fee to which she is entitled under her contract with Plaintiff will result in an undeserved windfall to her.  Thus, the Court finds that the presumption of reasonableness that ordinarily applies to contingent fees of 25

percent of past-due benefits in this Circuit controls this case. <u>See</u> <u>Hayes</u>, 923 F.2d at 419.

Accordingly, the Court concludes that Attorney Mannchen's fee is reasonable within the meaning

of 42 U.S.C. § 406(b)(1)(A).

### III. CONCLUSION

Based upon the foregoing, the undersigned finds that Plaintiff's motion is well-taken.

Accordingly, the undersigned **RECOMMENDS**[2] the following:

(1) Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) **[Doc. 20]** should be **GRANTED**;

(2) The District Court should order the Commissioner to pay Attorney Mannchen the requested amount of **$18,071.25** from funds withheld from Plaintiff's benefit award in this case; and

(3) The District Court should order Attorney Mannchen, upon receipt of her fee of $18,071.25, to remit to Plaintiff the $4,000 fee that she previously received from the Commissioner pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2142(d), and the Court's Order [Doc. 18] of July 15, 2008.

Respectfully submitted,


___s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).